The next matter, number 24-1731, Maralex Vananueva Perez et al. versus Hospital Damas, Incorporated. At this time, would counsel for the appellants please come to the podium and introduce himself on the record to begin. Good morning, your honors. Juan Martinez on behalf of appellant. May I reserve two minutes, please, for a rebuttal? You may. Okay, let's proceed. This case concerns whether the district court may preclude a plaintiff's expert witness and dismiss the medical malpractice case with prejudice as a discovery sanction where plaintiffs had already identified the expert's curriculum vita, the expert's identity. Discovery had yet to conclude. Discovery had been stayed. And the record reflects only a single alleged violation of the case management order. We recognize that this- What is- you're asking that as an error. You concede- let me split it into a couple of questions. You concede that there had been, on your client's part, there may have been some violations, correct? Or at least one violation? Yes, at least- I mean, only one violation. Okay, so what you're suggesting is- and there's case law. The courts have, when it comes to Rule 37 violations, the district courts have quite some latitude in taking sanctions. But what- I think the thrust of your argument is that the sanction should have been a lesser one, perhaps. Or maybe your client should have given one warning and said you have 10 more days or 15 more days. If not, are you suggesting that? Absolutely, specifically under the Esposito v. Home Depot case. Because in that case, when the sanction that is effectively imposed terminates the case, the justification for that sanction has to be, as stated in Esposito, comparatively more robust. It has to be, I guess, justified by the court. And the record- that is absent from the record in this case. Counsel, let me ask you- so I understand your argument that expert reports were not due until March 1st. Exactly. Under the case management order. It seems pretty clear from the face of the order that was the deadline. But March 1st is rapidly approaching, your client has not disclosed an expert report. Why doesn't your client ask for an extension of the deadline or a modification of the case management order? Because on March 1st, a state of all discovery- I understand that, Counsel, but you hadn't disclosed anything by March 1st. And normally one doesn't wait until the date that something is due to ask the court for an extension. So, you know, you've got the whole month of February, you know, the deadline is coming. Why was it unreasonable for the district court here, under the standard of review we're using to say, you know what, this party doesn't even ask, it just ignores a clear deadline. I understand your question. Okay, so the answer to your question is as follows. During the month of February, the fact witness depositions were supposed to be taken. And they were coordinated for February 7th and 8th. They were then canceled by the defendants because it was their position that plaintiffs had to render an expert report and were not allowed- Counsel, I understand that you were frustrated by your adversary's conduct, but I guess just to return, if you could try and respond to my question, you know you have a deadline that a court has imposed. And regardless of what your adversary may be doing, you're about to miss the deadline. Why wasn't there a request for an extension of the expert report deadline made? I guess, once again, because of the fact that the stay of the discovery was requested within the deadline. But it wasn't requested within the deadline. It was requested on March 1st, so by that point your report was already due. On the day of the deadline. And three days later, the court grants the stay. And at the same time, I believe on February 27th, I was filing a serve reply to another motion to dismiss that had been filed in that case regarding a jurisdictional issue, which is what we understood that the court, because it was a jurisdictional issue, we understood that the court would be dealing with that first instead of the- We need to, and as you mentioned, you needed to depose two other individuals before you come with, you know, you have an expert, you know, available. Why was no motion filed? Because I understand that, you know, perhaps your expert needs to see the testimony, the position testimony of those two individuals to come up with an expert opinion, which could be favorable, could be unfavorable, you know, you never know. But you didn't make that request. I absolutely understand that it wasn't made. But once again, even under, even based on Esposito, where the request was made weeks after, the court said that that single lapse in judgment did not warrant the dismissal. So even under Esposito, the terms under Esposito were much worse than the terms in this particular case. And what you're saying is that there still would have been ongoing discovery, because the discovery deadline was not March 1st.  That was the deadline to disclose the expert report.  It was on April- This is not like the summary judgment deadline is set, all the deadlines and, you know, you realize district judges have to manage voluminous dockets in hundreds of cases. So there's need to comply. But what you're saying is that in this case, you would have had at least like another month, a month and a half. I actually had 60 days because the- March until April 31st. April 30th, 31st, exactly. So we were still within the discovery deadline. And like I said, Esposito is particularly distinguishable in this case, because in Esposito, the request was made weeks after the discovery had already concluded. And even under those circumstances, which are much different than these particular circumstances, where discovery had yet to conclude, there was a bona fide discovery dispute. There was a dispositive motion regarding jurisdictional issues. All of these things were being attended. And on the day that the deadline expired, the extension, the stay was requested, and the court granted it three days later. So I recognize that it wasn't requested within the deadline, but it kind of, or the way at least I saw it, three days later it was fixed because the court effectively stayed all of the discovery which was pending before the case. This appears to be a Rule 37 dismissal sanction, but in the court's, district court's opinion, it's going to the merits saying you haven't provided an expert report, but to prove a medical malpractice claim under diversity law in Puerto Rico, you need to have the expert. So isn't this really also a 12B6 type of, because it's been dismissed on the merits. But the thing is that discovery had yet to conclude. So at the end of the day, plaintiffs, I mean defendants, didn't even file a Rule 37 motion. What they filed originally was a 12B6 motion. And what they were alleging at that point in time, which was… But my question is, did the judge have to give you notice that it was converting it to a Rule 37? Because again, opposing counsel never requests a Rule 37 sanction. We believe that the decision that the court took was the most drastic decision that the court could have taken. Because the court could have granted a couple of extra days to render the report, could have… But even if you did not request that extension, you're still saying it was an error?  And specifically based on what Esposito clearly states. Under more onerous terms than this particular case. Before you sit down, what was the jurisdictional issue that was being debated? There was a jurisdictional issue regarding diversity jurisdiction, because one of the causes of action in the complaint was regarding the inherited cause of action. And the inherited cause of action, defendants were positing, required the presence of one of the heirs that was part of the estate, who lives in Puerto Rico. And they were alleging that it was an indispensable party that had to be brought into the district court. And by bringing that party into district court, diversity would be destroyed. So that argument was a second motion to dismiss that was also pending. And that was the object of the SIR reply that was filed within those days. Specifically, I believe that on the 27th of February, I requested an extension of time. And on the 5th of March was when the SIR reply was filed. But you filed the SIR reply, you're saying? Yes. And that was granted, the request to file SIR reply? The SIR reply was granted. And it was filed within the deadline filed. And that deadline is past March 1st anyway, correct? It was March 5th. So there's things going on litigation-wise parallel, you know, what you're saying, correct? Exactly. That's what I'm trying to get at. There were subpoenas that were issued. And let me ask you, when was the court stay granted, March 1st or March 3rd? It was requested on March 1st. I believe that it was on the 5th, four days later. And what was the specific stay requested? Because of discovery violations, or because of 12B6, or because of the jurisdictional? The stay was based on the motions to dismiss that were pending. So 12B6 and the jurisdictional one, yeah. Exactly. And it was the defendant's motion to stay, right? Exactly. But we didn't oppose it because we were in agreement with the stay of the discovery until the issues were resolved. Particularly the jurisdictional issue. Which is why we understood that in the order of things, the court would have first decided the jurisdictional issue, and then entered on the merits in the case. Okay. Thank you. You have two minutes rebuttal. Thank you, counsel. At this time, would counsel for the appellee please come up to the podium and introduce himself on the record? Hi, it's Plaintiff's Court. My name is Carlos Martinez-Vivas on behalf of Hospital Llamas. The issue here is that plaintiffs, since the beginning of the case, were challenged the case punisher order, the CMO. In this case, the plaintiff failed to disclose the expert report in violation of the case punisher order, was deliberate, willful, intentional. How do you know that? There's a deadline of March 1st. And then you file the motion like three days later. This is not like he's telling, I'm going to give, or at least there's nothing written saying, I'm going to give it to you, I'm going to give it to you. He's telling the court he's going to give it to the parties and nothing happens. We're talking about a very short period. Yes, because since the beginning, we had a conversation. And the only condition to submit the expert report was to depose the physicians and the hospital before. Counsel, why is that unreasonable? Normally in civil litigation, attorneys want to do their fact discovery before they submit their expert reports. And here, they were asking to depose those physicians in January, February, and their expert report isn't due until March 1st. So I was a bit confused why your client was suggesting that there was something inappropriate about that. Can you explain? You have to remember that the first thing that happened in this case is that Plaintiff requested dismissal against the physicians. So the only defendant in the case was the hospital. This is a private physician case, okay? Plaintiff was going to take the deposition to the physicians to obtain information, okay? And maybe to amend the complaint or to change the case. And at that point, there were no parties in the case, okay? But he's still entitled to depose them because the hospital might be responsible vicariously for the liability. So that's why the need to depose. And again, the expert, one of the things is the expert is an expert, obviously. But depending on the deposition testimony, the plaintiff's own expert might say, Hey, counsel, you don't have a claim here. So that's why discovery is important because if he doesn't have an expert who's going to be favorable, he might have to voluntarily dismiss the case or there's Rule 11 sanctions if he moves on something frivolous. So that's why that information is so essential for him. And again, discovery is still ongoing. You filed a motion to dismiss for lack of jurisdiction, which is still pending. So why, you know, again, my question is why this flagrant, you know, like they say in basketball, flagrant foul two or something violation that warrants dismissal right away because the case is still ongoing. It's a preliminary stage. Discovery hasn't ended. Okay. You have to remember, Judge, that the court, I'm sorry, that this is a private physician case, as I mentioned, that the allegations are against the physicians, okay? The allegation was coordinated. It's against the physicians and the hospital. The doctors were voluntarily dismissed. That does not mean, excuse me, counsel. Sorry, sorry. That does not mean that the hospital did not have some vicarious liability. Yes, but remember that the hospital, in this case, according to Marcus Vega, the patient did not go to the hospital, did go to the physicians, and then go to the hospital. The merits. But as a matter of fact. It's the merits. Huh? It's the merits. That's what Discovery is. Yes, yes, sure. Flesh that out. Yes, yes. But as a matter of fact, the subpoena was served to the physicians, okay? They coordinated. They coordinated. Those positions were not taken. By that time, plaintiff. You moved to stay at Discovery, didn't you? Huh? You moved to stay at Discovery. Well, I. There were depositions being taken. I moved to stay after the deadline because the deadline was March 1, and I have to file the motion at March 1 because, remember, I have an obligation also after he submits the report to submit a report. So I have to file the motion on March 11. But on March 6 was the date. On March 6, the court ordered to stay. At that time, the deadline expired already, okay? It had only expired by five days. Yes, sure. But no position was filed. Let me ask you, aside from this violation, which counsel is admitting that. Okay. Are there any other violations that have occurred in the case or something? Yes, yes. What else had happened that's on the record? Yes. The court considered also the other violations in the case. We submitted an interrogatory to plaintiff, and the plaintiff's interrogatories, Miss Villanueva, were incomplete. I received no answer from the other co-plaintiff. But had you moved the court? Yes, I did. You had ordered those interrogatories? Yes, I did. Docker 34 and Docker 60. You filed a motion to compel? And I made the certification also. You filed a motion to compel. Well, I didn't file the motion, but I compelled with the certification in motion, as I mentioned, in the motions. I didn't file the motion to compel because the issue on the bottom line is that no expert witness was notified, and I thought that I complied with the rule. You're moving to dismiss because there's no expert witness yet. You're moving to dismiss 12B-6 because without an expert, he can't prove his claim under Puerto Rico law. But you never moved for a Rule 37 sanctioned dismissal, correct? Well, I did mention that because the bottom line is that no expert witness was notified. And I did mention the Rule 37 in Motion 34 and in Motion 60 also. When I request the motion to stay, I did mention the Rule 26. I did mention the Rule 37. Counsel, when did you file your motion to dismiss for lack of an expert witness? What date was that? That was at the beginning of the case. Let me check. The motion, the first motion, the first one, the first motion, the first motion to dismiss for lack of an expert witness was on December the 4th. But at that point, it was still almost three months until the expert report deadline. Yes, sure. But I filed the motion because it was when the plaintiff requested the dismissal. Yes, I understand. He mentioned. I understand that. I'm just trying to set the timeline correctly. So in other words, there's a motion pending based on a statement by plaintiff's counsel that they were dismissing the positions because they could. He mentioned that he has no expert. Yes, no, I understand. I just want to ask you a couple of other questions. So you filed that motion based on counsel's representation that they don't have the funds to retain an expert. But then shortly thereafter, plaintiffs do tell you that they have now retained an expert and provide you with the expert's name, correct? Surprisingly, 22 days later, okay, when the motion was filed, it was because they don't have the economic means. But 22 days later, they announced the expert and also went to the post the positions. I have to remember something. I want to say something, please. It's that when the motion was taken, plaintiff did not file a motion. I request the issue was dismissed for lack of expert. The point is there was no expert at that time, and plaintiff did not file a pending motion to make another subpoena or to make an opposition to the motion to stay. He didn't object to it. He did not object to it. And the memorandum and order was four months later, okay? Four months later, the motion to stay was on March 6th, and he did nothing. But there's a request to stay that's not opposed, and the court's granting that request early March. So, you know, counsel doesn't have to do anything. And let me say this. I would assume he's opposing the jurisdictional issue, so that's definitely, you know. Yes, Judge, but remember that there was a motion pending for lack of expert witness. The delay already expired, and there were no experts at that time. If there was a jurisdictional issue pending, it could have resolved the whole case. And therefore, if the court had ruled in your favor on the jurisdictional issue, there would have been no need to spend money deposing witnesses and retaining an expert, would they? I mean, doesn't it make sense that you want to know if the court agrees with you that diversity has now been compromised and is getting kicked out of federal court? But our plaintiff cannot rely on the other motion. They work the motions, and the motions have to be addressed, okay? I understand, but generally the court addresses jurisdiction first, because without jurisdiction, none of this other stuff matters. Sure, but both things were ruled at the same time. Let me also say this. This case is still on appeal. There's an issue of jurisdiction still that hasn't been resolved alone. We could consider that, and I know when there's errors involved, it is. I've been on some cases on the circuit that have been discussed. I also in some of the district. It's an issue, and it's still something we could take on at the outset. We could even rule in your favor. There's no jurisdiction in this case, but anything else, counsel? Both things were ruled at the same time. You have to remember that we have a case by order that has a deadline for expert. So the motion for lack of jurisdiction was not resolved, so the case has to run. It has to run, and the case by order established the deadline of March 1. But the case management stayed, I believe it's March 6 or something, so it's not, it's within. March 6, after the deadline, after the deadline. Okay, thank you, counsel. Thank you very much. Two minutes for rebuttal. Please reintroduce yourself on the record to begin. I'm sorry? Reintroduce yourself. Oh, Juan Martinez on behalf of Appellant. The underlying issue here is that this regularly happens in medical malpractice cases. Plaintiffs file their complaint, and defendants pose that no fact witness discovery can be conducted until plaintiffs render an expert witness report. And it's a problem because they then obfuscate discovery and refuse to allow witnesses, plaintiffs to do fact witness depositions. The case management order was rendered on, I apologize. We got all that. I'm sorry? We got all that. Can you just talk a little bit more about this jurisdictional issue? Because that seems to be like really rearing its ugly head here. I mean, assuming we ruled in your favor, and I'm not saying we are, but if we did, what's to become of the diversity quandary? It is an excellent question. I can only surmise that if you were to rule in our favor, then the court would have to decide the jurisdictional argument. Was that issue fully briefed before the district court, before the dismissal? It was fully briefed. It was fully briefed. The motion responds in opposition, reply, and serve reply. The serve reply was the one that I filed on March 5th, which is, you know, very close to that March 1st deadline regarding the expert report. I mean, does it make sense for us to remand, maybe vacate and then remand for the court to consider the jurisdictional issue before you keep going down this road? I would have preferred for the court to have dealt with the jurisdictional issue first instead of on the merits. But as far as plaintiffs are concerned, yes, it would make sense for you to remand and vacate the district court's decision. But I can only surmise that, you know, if, in fact, you would vacate months down the road, we would probably find ourselves here regarding whatever way the court decides the jurisdictional issue. But the court could retain jurisdiction over the appeal. I'm sorry? The court could retain jurisdiction over the appeal pending a resolution by the district court of something that seems very primary, which is, does the federal court have jurisdiction? Absolutely. Absolutely. Okay. Thank you, counsel. Thank you, counsel. That concludes argument in this case.